UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAUL BACON,   DEMAND FOR JURY TRIAL
    Plaintiff,

-vs.-

EQUITYEXPERTS.ORG, LLC,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, RAUL BACON, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN, and for his Complaint against the Defendant pleads as follows:

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. § 1367.

## VENUE

3. Defendant's principal place of business is in the County of Oakland, State of Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. Plaintiff is a natural person residing in Bloomfield Hills, Oakland County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

6. The Defendant to this lawsuit is EquityExperts.Org, LLC, which is a Michigan company that maintains its principal place of business in Oakland County, Michigan.

## GENERAL ALLEGATIONS

7. Defendant was attempting to collect a consumer debt allegedly owed by Plaintiff ("the alleged Debt") to Lofts at New Center Condominium ("the Association").

8. In September 2016, Plaintiff fell behind on his payments to the Association.

9. In January 2017, Mr. Bacon quit-claim deeded the subject property to his friend, Michael Walker.

10. On or about July 31, 2017, Mr. Bacon received a statement from Defendant showing the following excessive charges:

   a. A "FDCPA Compliance Assurance/Pre-Lien" fee was charged on 09/14/2016 in the amount of $270.00;

   b. A "Lien Recording and Discharge" was charged on 01/23/2017 in the amount of $395.00;

   c. An "Escalated Outreach (EDO) Service" was charged on 02/08/2017 in the amount of $350;

   d. An "EDO 2" was charged on 02/20/2017 in the amount $100;

   e. An "EDO 3" was charged on 03/02/2017 in the amount $100;

   f. An "EDO 4" was charged on 03/13/2017 in the amount of $100;

   g. A "Post Outreach Lien Enforcement (Pole)" was charged on 03/23/2017 in the amount of $650;

   h. A "Pole 2" fee was charged on 04/10/2017 in the amount of $100;

   i. A "Post Outreach Lien Enforcement 3" fee was charged on 04/27/2017 in the amount of $100;

   j. A "Pole 4" fee was charged on 05/15/2017 in the amount of $100;

   k. A "Pole 5" fee was charged on 06/01/2017 in the amount of $100;

   l. A "Pole 6" fee was charged on 06/23/2017 in the amount of $100;

   m. A "Pole 7" fee was charged on 07/10/2017 in the amount of $100; and

 n. An "Extended Outreach 1 (ITF)" fee was charged on 07/27/2017 in the amount of $100.

11. The Statement also showed that Mr. Bacon paid Defendant $3,560.00 to date and his most recent payment totaling $2,300 was made on July 12, 2017.

12. On or about August 8, 2017, Mr. Bacon received another Statement from Defendant showing that balance of the alleged Debt has increased to $2,870 and that Mr. Bacon was charged a $200 fee for a payoff letter.

13. On or about August 8, 2017, Mr. Bacon received a payoff letter that shows the following balance breakdown:

 a. Association Balance* through 08/31/2017: $1,382.30.

 b. Add: Collection/Legal Fees: $1,487.70.

 c. Add: Dues through the good through date: $0.00.

 d. Add: Late Fee charges through the good through date: $25.00.

 e. Add: Collection Charges through the good through date: $100.00.

 f. Management New Account Setup and Transfer Fee (Buyer): $350.00.

 g. Rush Fee: $0.00.

 h. Less: Deposit Paid: -$0.00.

 i. Balance Due: $3,345.00.

14. Mr. Bacon has suffered pecuniary and emotional damages as result of Defendant's actions.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant violated this section of the FDCPA by charging excessive fees, overcharging for services allegedly performed by Defendant, and trying to collect a debt from Plaintiff that he did not owe;

   b. 15 U.S.C. § 1692e(2)(a) by misrepresenting the character, amount or legal status of any debt. Defendant misrepresented the amount of the alleged Debt, charged excessive fees, overcharged for services

    allegedly performed by Defendant, and tried to collect a debt from Plaintiff that he did not owe;

   c. 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect a debt. Defendant violated this provision by misrepresenting the amount of the alleged Debt, charging excessive fees, overcharging for services allegedly performed by Defendant, and trying to collect a debt from Plaintiff that he did not owe; and

   d. 15 U.S.C. § 1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by misrepresenting the amount of the alleged Debt, charging excessive fees for the alleged Debt, overcharging for services allegedly performed by Defendant and trying to collect a debt from Plaintiff that he did not owe.

20. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFFS PRAY** that this court grants him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II
## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

21. Plaintiffs incorporates the preceding allegations by reference.

22. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. MCL § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by charging excessive fees and trying to collect a debt from Plaintiff that he did not owe.

   b. MCL § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

25. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

26. These violations of the Michigan Occupational Code were willful.

## COUNT III
## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

27. Plaintiff incorporates the preceding allegations by reference.

28. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

29. Plaintiff is a "consumer" as that term is defined at MCL § 445.251.

30. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by charging excessive fees and trying to collect a debt from Plaintiff that he did not owe; and

    b. MCL § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

31. Plaintiff has suffered damages as a result of these violations of the MCPA.

32. These violations of the MCPA were willful.

## **DEMAND FOR JUDGMENT RELIEF**

Accordingly, Plaintiff requests that the Court grant him the following relief against Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

        Respectfully submitted.

Dated: August 29, 2017   /s/ Gary Nitzkin
                                  GARY D. NITZKIN (P41155)
                                  TRAVIS SHACKELFORD P68710
                                  CARL SCHWARTZ P70335
                                  CREDIT REPAIR LAWYERS OF AMERICA
                                  Attorneys for Plaintiff
                                  22142 West Nine Mile Road
                                  Southfield, MI 48033
                                  (248) 353-2882
                                  Fax (248) 353-4840
                                  Email – gary@crlam.com