**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RAUL BACON,

    Plaintiff,

v.                                                                  Case No. 17-12848

EQUITYEXPERTS.ORG, LLC,

    Defendant.
                                                /

**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Before the court is Plaintiff Raul Bacon's motion for entry of default judgment on his complaint brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Michigan Occupational Code, Mich. Comp. Laws § 339.901, and the Michigan Collection Practices Act, Mich. Comp. Laws § 445.251. (Dkt. # 11.) The court held a hearing on the motion on June 6, 2018. Defendant did not attend the hearing and has otherwise failed to respond or appear in this action. However, for the reasons explained herein, the court will deny Plaintiff's motion.

**I. BACKGROUND**

Plaintiff filed his complaint on August 29, 2017. (Dkt. #1.) Following an order granting Plaintiff's request to extend the summons and for alternative service (Dkt. # 4), service was effectuated on Defendant via first-class mailing with certificate of mailing on December 15, 2017; via certified, return receipt, mailing on December 18, 2017; and personally on Defendant's agent at its office in Auburn Hills, MI on January 8, 2018. (Dkt. # 5.) Defendant did not answer the complaint, and Plaintiff requested clerk's entry

of default, which was entered on January 31, 2018. Plaintiff's motion for entry of default judgment seeks to recover statutory damages, economic damages, plus attorney fees and court costs. (Dkt. # 11.) The court held a hearing on Plaintiff's motion on June 6, 2018; Defendant did not appear.

During the hearing, Plaintiff testified to the truth of the facts contained in his complaint. Plaintiff averred that Defendant obtained a lien on his condominium after Plaintiff failed to pay Defendant's fees for its efforts in collecting a debt Plaintiff owed to his condominium association. Plaintiff testified to his frustration in receiving multiple notices a month from Defendant increasing its fees despite the fact that Plaintiff had paid off the pertinent debt and had made substantial payments to Defendant for its fees. Plaintiff alleges that Defendant's actions constitute willful violations of federal and state law and he asks this court to provide statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), economic damages of $2,665 (Dkt. # 1, Pg. ID 3), reasonable attorneys' fees and costs[1] under 15 U.S.C. § 1692k(a)(3), and a treble damages award pursuant to Mich. Comp. Laws § 445.257(2) and Mich. Comp. Laws § 339.916(2). Additionally, Plaintiff relies upon *Zontini v. Merch. Recovery Servs., Inc.*, No. 12-14912, 2013 WL 5640125, at *1 (E.D. Mich. Oct. 15, 2013) and *Green v. Nationwide Arbitration Servs., LLC*, No. 14-14280, 2015 WL 7717165, at *1 (E.D. Mich. Nov. 30, 2015) in asking the court for emotional damages in the amount of $20,000.

**II. STANDARD**

Federal Rule of Civil Procedure 55 allows the court to enter a default judgment. It

---

[1] At the hearing, Plaintiff's counsel stated that he would file a supplemental brief with the court dictating his expenses in relation to this case within one week of the hearing. To date, no such brief has been filed.

2

states,

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

Fed. R. Civ. P. 55.

### III. DISCUSSION

All criteria are met under Fed. R. Civ. Pro. 55(b). Because Defendant did not attend the hearing and has otherwise failed to respond or appear in this action, Plaintiff's allegations are uncontested and the court will accept as true the facts pleaded in the complaint. *See Jones v. Portfolio Recovery Assocs.*, No. 16-14061, 2017 WL 5162256, at *1 (E.D. Mich. Nov. 7, 2017) (holding that a default judgment is merely an

3

admission of the facts in the complaint which themselves must be sufficient to establish liability as a basis for recovery of damages). However, the court can grant a default judgment on only the claims stated in the complaint. As explained by the Sixth Circuit, "before entering judgment in favor of the [moving party], the district court ha[s] a duty to ensure that the allegations in the verified complaint [are] sufficient." *United States v. $525,695.24*, 869 F.3d 429, 441 (6th Cir. 2017). Therefore, the court's initial inquiry is whether the facts as stated in the complaint state a claim under the FDCPA, the Michigan Occupational Code, and/or the Michigan Collection Practices Act.

Federal Rule of Civil Procedure 8 requires the plaintiff to present "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.)

Each of the three statutes cited in Plaintiff's complaint prohibit false, deceptive, or misleading conduct in connection with the collection of a debt. *See* 15 USC § 1692e, Mich. Comp. Laws § 445.252(e), and Mich. Comp. Laws § 339.915(e). Plaintiff's factual allegations state:

4

> Defendant was attempting to collect a consumer debt allegedly owed by Plaintiff ("the alleged Debt") to Lofts at New Center Condominium ("the Association").
>
> In September 2016, Plaintiff fell behind on his payments to the Association.
>
> In January 2017, Mr. Bacon quit-claim deeded the subject property to his friend, Michael Walker.

(Dkt. # 1, Pg. ID 2.) The remainder of Plaintiff's facts consist entirely of a list of the various collection effort fees Defendant charged to Plaintiff. None of the facts identify false, deceptive, or misleading conduct by Defendant.

Throughout the complaint Plaintiff asserts that Defendant violated the FDCPA "by misrepresenting the amount of the alleged debt, charging excessive fees, overcharging for services allegedly performed by Defendant, and trying to collect a debt from Plaintiff he did not owe." (Id. at Pg. ID 5-6.) Plaintiff presents these assertions in conclusory fashion and provides no factual basis to support them. (*Id.* at Pg. ID 3-6.)

First, the complaint does not inform the court of the alleged misrepresentation of the amount of the debt. Plaintiff did not provide any testimony indicating that Defendant falsely represented the amount of the debt he owed. (*Id.* at Pg. ID 5-6.) To the contrary, Plaintiff admitted that he owed money to his homeowners association.

Second, Plaintiff fails to explain why the amount or type of fees charged here are excessive. He also fails to direct the court to any portion of the FDCPA that prohibits the charging of excessive fees and the court is aware of none. Excessive means "too much or too many." Cambridge English Dictionary (2018). It may also mean "more than is necessary, normal, or desirable," Oxford English Dictionary (2018), or "exceeding what is usual, proper, necessary, or normal," Merriam-Webster Dictionary (2018). The

5

FDCPA prohibits the charging of fees "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f. Presumably an agreement or a law could authorize the collection of a higher than normal—or excessive—fee.

Third and similarly, the court has no basis to conclude that the fees were overcharges in violation of the FDCPA. The FDCPA prohibits "[t]he false representation of-- . . . (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B). The fees Defendant charged to Plaintiff were for Defendant's efforts spent attempting to collect a debt from Plaintiff. Plaintiff does not deny that Defendant engaged in these efforts and performed the services related to the fees. In fact, Plaintiff's testimony established that many of the charged services were performed including the establishment of a lien on his property. Plaintiff does not identify any fees billed to him for which the related collection service was not performed. Plaintiff fails to explain how he was overcharged.

Fourth, Plaintiff testified at the hearing that he indeed owed the debt to his homeowner's association that Defendant was attempting to collect from him. There is no factual basis to conclude that Defendant attempted to collect a debt from Plaintiff he did not owe. *See* 15 U.S.C. § 1692e(2)(A).

Fifth, Plaintiff contends that Defendant violated the FDCPA by "collecting an amount not permitted by law" but fails to identify any amount that Defendant was not permitted by law to collect. (Dkt. # 1, Pg. ID 6.) As explained above, Plaintiff has provided no factual basis to conclude that Defendant overcharged him or attempted to collect an amount he did not owe. The court is unsure how "misrepresenting the amount

of the alleged debt" constitutes collecting an amount not permitted by law, but in any event, Plaintiff's complaint identifies no misrepresentations. (*Id.*) Plaintiff has failed to explain why Defendant's "excessive fees" are an amount not permitted by law. (*Id.*)

Last, Plaintiff alleges that Defendant harassed, oppressed, or abused him in connection with its collection efforts, but the complaint has no factual allegations of this nature. Plaintiff's testimony at the motion hearing indicated that his contact with Defendant was minimal, encompassing several letters a month summarizing the outstanding fees. Plaintiff has not identified any actions by Defendant that constitute harassment, oppression, or abuse.

In sum, Plaintiff parrots the relevant statutes in his complaint, but provides no factual basis for a cause of action. *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (explaining that a party in default "does not admit mere conclusions of law") (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed.1998)). Plaintiff has provided nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Although Plaintiff's counsel indicated at the hearing on Plaintiff's motion that this case "is like the *Sparks* case" presumably referring to *Sparks v. EquityExperts.Org LLC*, No. 17-11330, (Cleland, J.), there are no factual allegations in the complaint that would support a cause of action similar to the claim alleged in *Sparks*. For instance, Plaintiff has not mentioned the existence of, let alone the content of, a governing homeowners' association agreement. The court cannot grant a default judgment on a claim that has not been pled. *See Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) ("Entry of default judgment is only warranted when there is 'a sufficient basis

in the pleadings for the judgment entered.'") (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir.1997)).

The court will deny Plaintiff's motion without prejudice to his ability to seek leave to file an amended complaint. *See* Fed. R. Civ. P. 5(a)(2) (contemplating amended complaints after the clerk's entry of default).

### IV. CONCLUSION

Plaintiff, having obtained a clerk's entry of default and having received no response from Defendant, is entitled to a default judgment on the claims contained in his complaint. The court, finding no claims sufficiently stated in the complaint, will deny Plaintiff's motion for entry of default judgment. Accordingly,

IT IS ORDERED that Plaintiff's motion for entry of default judgment (Dkt # 11) is DENIED.

                                              s/Robert H. Cleland          /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: June 26, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 26, 2018, by electronic and/or ordinary mail.

                                              s/Lisa Wagner              /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

s/Cleland/judge'sdesk/C2order/17-12848.Bacon.DenyDeafult.aju